**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| OY AJAT LTD.,<br><br>Plaintiff,<br><br>v.<br><br>GENORAY CO. LTD., GENORAY AMERICA, INC., and PROFESSIONAL SALES AND CONSULTANT GROUP, INC.,<br><br>Defendants. | Civil Action No.: 6:16-CV-869-RBD-DAB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF PROFESSIONAL SALES AND CONSULTANT GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant and Counterclaim Plaintiff Professional Sales and Consultant Group, Inc. ("PSC"), by and through its attorneys, answers Plaintiff Oy Ajat Ltd.'s ("Ajat")'s First Amended Complaint as follows:

**THE PARTIES**

1. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies those allegations.

2. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies those allegations.

3. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies those allegations.

4. Admitted.

## JURISDICTION AND VENUE

5. PSC admits that Ajat has alleged this action arises under the patent laws of the United States. PSC denies all other allegations in paragraph 5.

6. Admitted.

7. PSC admits that it conducts business in this judicial district. PSC denies that it has committed the acts complained of in this judicial district. PSC lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 7, and therefore denies those allegations.

8. Denied.

## ALLEGED FACTS COMMON TO ALL CLAIMS

9. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies those allegations.

10. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies those allegations.

11. PSC admits that the cover page of U.S. Patent No. 7,154,100 ("the '100 Patent") is titled "Switching/Depolarizing Power Supply for a Radiation Imaging Device." PSC lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 11, and therefore denies those allegations.

12. PSC admits that the cover page of U.S. Patent No. 7,336,763 ("the '763 Patent") is titled "Dental Extra-Oral X-Ray Imaging System and Method." PSC lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 12, and therefore denies those allegations.

13. PSC admits that the cover page of U.S. Patent No. 8,530,850 ("the '850 Patent") is titled "High Energy, Real Time Capable, Direct Radiation Conversion X-Ray Imaging System for CD-TE and CD-ZN-TE Based Cameras." PSC lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 13, and therefore denies those allegations.

14. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies those allegations.

15. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies those allegations.

16. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies those allegations.

17. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies those allegations.

18. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies those allegations.

19. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies those allegations.

20. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies those allegations.

21. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies those allegations.

22. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies those allegations.

23. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies those allegations.

24. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies those allegations.

25. Denied.

26. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies those allegations.

27. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies those allegations.

**DIRECT INFRINGEMENT OF THE '100 PATENT UNDER 35 U.S.C. 271(a)**

28. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies those allegations.

29. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies those allegations.

30. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies those allegations.

31. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies those allegations.

32. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies those allegations.

33. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies those allegations.

34. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies those allegations.

35. Denied.

## INDUCEMENT OF INFRINGEMENT OF THE '100 PATENT UNDER 35 U.S.C. 271(b)

36. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies those allegations.

37. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies those allegations.

38. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies those allegations.

39. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies those allegations.

40. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies those allegations.

41. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies those allegations.

42. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies those allegations.

43. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies those allegations.

44. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies those allegations.

45. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies those allegations.

**CONTRIBUTORY INFRINGEMENT OF THE '100 PATENT UNDER 35 U.S.C. 271(c)**

46. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies those allegations.

47. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies those allegations.

48. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies those allegations.

49. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies those allegations.

50. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies those allegations.

51. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies those allegations.

**DIRECT INFRINGEMENT OF THE '763 PATENT UNDER 35 U.S.C. 271(a)**

52. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies those allegations.

53. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies those allegations.

54. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies those allegations.

55. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies those allegations.

56. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies those allegations.

57. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies those allegations.

58. Denied.

**INDUCEMENT OF INFRINGEMENT OF THE '763 PATENT UNDER 35 U.S.C. 271(b)**

59. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies those allegations.

60. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies those allegations.

61. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies those allegations.

62. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies those allegations.

63. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies those allegations.

64. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies those allegations.

65. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies those allegations.

66. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore denies those allegations.

67. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore denies those allegations.

**CONTRIBUTORY INFRINGEMENT OF THE '763 PATENT UNDER 35 U.S.C. 271(c)**

68. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies those allegations.

69. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies those allegations.

70. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore denies those allegations.

71. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore denies those allegations.

72. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore denies those allegations.

73. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore denies those allegations.

**DIRECT INFRINGEMENT OF THE '850 PATENT UNDER 35 U.S.C. 271(a)**

74. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore denies those allegations.

75. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies those allegations.

76. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore denies those allegations.

77. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore denies those allegations.

78. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore denies those allegations.

79. Denied.

## INDUCEMENT OF INFRINGEMENT OF THE '850 PATENT UNDER 35 U.S.C. 271(b)

80. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore denies those allegations.

81. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore denies those allegations.

82. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies those allegations.

83. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore denies those allegations.

84. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore denies those allegations.

85. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore denies those allegations.

86. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore denies those allegations.

87. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore denies those allegations.

88. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore denies those allegations.

**CONTRIBUTORY INFRINGEMENT OF THE '850 PATENT UNDER 35 U.S.C. 271(c)**

89. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies those allegations.

90. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and therefore denies those allegations.

91. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore denies those allegations.

92. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore denies those allegations.

93. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and therefore denies those allegations.

94. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and therefore denies those allegations.

**WILLFULNESS OF INFRINGEMENT**

95. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore denies those allegations.

96. PSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore denies those allegations.

**CLAIMS FOR RELIEF**

97. PSC denies that Ajat is entitled to any judgment or relief.

**AFFIRMATIVE DEFENSES**

98. Further answering Ajat's First Amended Complaint, and without assuming any burden that it would not otherwise bear, PSC asserts the following defenses. PSC reserves the right to assert additional affirmative defenses as additional information becomes available through discovery or otherwise.

99. PSC re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

100. PSC has not infringed any valid and enforceable claim of the '100 Patent, the '763 Patent, or the '850 Patent (collectively, the "Patents-in-Suit"), either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

101. One or more claims of the Patents-in-Suit is invalid for failing to comply with the provisions of the patent laws of the United States, as codified in Title 35 of the United States Code, including, without limitation 35 U.S.C. §§ 101-103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

102. To the extent that Ajat attempts to assert infringement under the doctrine of equivalents, PSC believes that, after a reasonable opportunity for further investigation or discovery, PSC will be able to demonstrate that arguments and amendments contained in the prosecution history will estop or bar one or more claims for alleged infringement.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unavailability of Enhanced Damages Under § 284)**

103. Ajat has failed to plead and meet the requirements of 35 U.S.C. § 284 for enhanced damages, and is not entitled to them.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Exceptional Case Under § 285)**

104. Ajat is barred from recovering attorneys' fees under 35 U.S.C. § 285 because Ajat's case is not an exceptional case.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure To Mark Under § 287)**

105. Ajat's claims are barred or limited due to Ajat's and/or its licensees' failure to comply with the requirements of 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Provisional Damages Under § 154)**

106. Ajat has failed to plead and meet the requirements of 35 U.S.C. § 154 for provisional damages, and is not entitled to them.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

107. Ajat is not entitled to equitable relief because Ajat has acted with unclean hands in this matter.

**NINTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

108. Ajat's claim for injunctive relief is barred in light of the fact that Ajat has an adequate remedy at law, and therefore, is not entitled to equitable relief. Ajat's claim for injunctive relief is also barred in light of the fact that it has not suffered and will not suffer irreparable harm due to any alleged conduct by PSC.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

109. Ajat's First Amended Complaint and each claim and cause of action therein are barred, in whole or in part, because Ajat fails to state a claim or cause of action upon which relief may be granted.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

110. Ajat's First Amended Complaint and each claim and cause of action therein are barred, in whole or in part, under the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

111. Ajat's First Amended Complaint and each claim and cause of action therein are barred, in whole or in part, under the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

112. Ajat's First Amended Complaint and each claim and cause of action therein are barred, in whole or in part, due to Ajat lacking standing.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Other Defenses)**

113. PSC intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during the course of this matter, and hereby reserves the right to assert such defenses.

## COUNTERCLAIMS

1. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 7,154,100 ("the '100 Patent"), U.S. Patent No. 7,336,763 ("the '763 Patent"), and ("the '850 Patent") (collectively, the "Patents-in-Suit.").

2. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between the parties regarding, *inter alia*, the non-infringement and invalidity of the Patents-in-Suit.

## PARTIES

3. Defendant and Counterclaim Plaintiff Professional Sales and Consultant Group, Inc. ("PSC") is a Florida corporation with its principal place of business at 1101 Central Park Drive, Sanford, FL 32771.

4. Plaintiff and Counterclaim Defendant Oy Ajat Ltd. ("Ajat") admits in its First Amended Complaint that it is a Finnish corporation with its principal place of business at Tekniikantie 4 B, 02150 Espoo, Finland, and purports to be owner of the Patents-in-suit.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the declaratory judgment claims related to the Patents-in-suit under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

7. This Court has personal jurisdiction over Ajat because Ajat has submitted to the jurisdiction of this Court by filing its First Amended Complaint here.

**COUNTERCLAIM COUNT ONE**

**(Non-Infringement of the ’100 Patent)**

8. PSC incorporates by reference Counterclaim paragraphs 1 through 7 above as though fully set forth herein.

9. PSC has not infringed, induced the infringement of, or contributed to the infringement of any valid and enforceable claim of the ’100 Patent, either literally or under the doctrine of equivalents.

10. PSC is entitled to a judicial declaration that it does not infringe and has not infringed any valid claim of the ’100 Patent.

**COUNTERCLAIM COUNT TWO**

**(Non-Infringement of the ’763 Patent)**

11. PSC incorporates by reference all preceding Counterclaim paragraphs as though fully set forth herein.

12. PSC has not infringed, induced the infringement of, or contributed to the infringement of any valid and enforceable claim of the ’763 Patent, either literally or under the doctrine of equivalents.

13. PSC is entitled to a judicial declaration that it does not infringe and has not infringed any valid claim of the ’763 Patent.

**COUNTERCLAIM COUNT THREE**

**(Non-Infringement of the ’850 Patent)**

14. PSC incorporates by reference all preceding Counterclaim paragraphs as though fully set forth herein.

15. PSC has not infringed, induced the infringement of, or contributed to the infringement of any valid and enforceable claim of the ’850 Patent, either literally or under the doctrine of equivalents.

16. PSC is entitled to a judicial declaration that it does not infringe and has not infringed any valid claim of the ’850 Patent.

**COUNTERCLAIM COUNT FOUR**

**(Invalidity of the ’100 Patent)**

17. PSC incorporates by reference all preceding Counterclaim paragraphs as though fully set forth herein.

18. One or more claims of the ’100 Patent are invalid for failing to comply with the provisions of the patent laws of the United States, as codified in Title 35 of the United States Code, including, without limitation 35 U.S.C. §§ 101-103 and/or 112.

19. PSC is entitled to a judicial declaration that the claims of the ’100 patent are invalid.

**COUNTERCLAIM COUNT FIVE**

**(Invalidity of the ’763 Patent)**

20. PSC incorporates by reference all preceding Counterclaim paragraphs as though fully set forth herein.

21. One or more claims of the ’763 Patent are invalid for failing to comply with the provisions of the patent laws of the United States, as codified in Title 35 of the United States Code, including, without limitation 35 U.S.C. §§ 101-103 and/or 112.

22. PSC is entitled to a judicial declaration that the claims of the ’763 patent are invalid.

**COUNTERCLAIM COUNT SIX**

**(Invalidity of the ’850 Patent)**

23. PSC incorporates by reference all preceding Counterclaim paragraphs as though fully set forth herein.

24. One or more claims of the ’850 Patent are invalid for failing to comply with the provisions of the patent laws of the United States, as codified in Title 35 of the United States Code, including, without limitation 35 U.S.C. §§ 101-103 and/or 112.

25. PSC is entitled to a judicial declaration that the claims of the ’850 patent are invalid.

**PRAYER FOR RELIEF**

Wherefore, PSC prays for relief as follows:

A. Dismissing with prejudice any and all claims of Ajat’s First Amended Complaint and ordering that Ajat take nothing as a result of the First Amended Complaint;

B. Adjudging that PSC has not and does not infringe any valid and enforceable claim of the ’100 Patent;

C. Adjudging that PSC has not and does not infringe any valid and enforceable claim of the ’763 Patent;

D. Adjudging that PSC has not and does not infringe any valid and enforceable claim of the ’850 Patent;

E. Adjudging the ’100 Patent invalid;

F. Adjudging the ’763 Patent invalid;

G. Adjudging the ’850 Patent invalid;

H. Awarding PSC its costs, expenses, and reasonable attorneys’ fees; and

I. Granting PSC such further relief as this Court may deem just and proper or that PSC may be entitled to as a matter of law and equity.

**JURY DEMAND**

PSC hereby demands a trial by jury of all issues so triable.

Dated: August 29, 2016

Respectfully submitted,

*s/John D. Esterhay*

Kevin W. Shaughnessy, Esq.
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

John P. Schnurer *(admitted Pro Hac Vice)*
E-Mail: JSchnurer@perkinscoie.com
Kevin Patariu *(admitted Pro Hac Vice)*
E-Mail: KPatariu@perkinscoie.com
John D. Esterhay *(admitted Pro Hac Vice)*
E-Mail: JEsterhay@perkinscoie.com
**PERKINS COIE LLP**
11988 El Camino Real, Suite 350
San Diego, California 92130-2594
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

*Attorneys for Defendants Genoray Co. Ltd., Genoray America, Inc. and Professional Sales and Consultant Group, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

Ryan T. Santurri, Esq.
E-Mail: rsanturri@addmg.com
**ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue, #1401
Orlando, Florida 32801
Local Counsel for Plaintiff

Douglas V. Rigler, Esq.
E-Mail: drigler@young-thompson.com
Jeffrey M. Goehring, Esq.
E-Mail: jgoehring@young-thompson.com
**YOUNG & THOMPSON**
209 Madison Street, Suite 500
Alexandria, Virginia 22314
Trial Counsel for Plaintiff

*s/John D. Esterhay*
John D. Esterhay