UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OY AJAT LTD.,**

      **Plaintiff,**

**v.**                                                            Case No:   6:16-cv-869-Orl-37DCI

**GENORAY CO. LTD., GENORAY AMERICA, INC. and PROFESSIONAL SALES AND CONSULTANT GROUP, INC.,**

      **Defendants.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS GENORAY CO. LTD. AND GENORAY AMERICA, INC.'S MOTION FOR A TEMORARY STAY OF DISCOVERY PENDING RESOLUTION OF THEIR DISPOSITIVE MOTION TO DISMISS (Doc. 68)** |
| **FILED:** | **September 19, 2016** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

**I.   BACKGROUND.**

On May 20, 2016, Oy Ajat Ltd. (Plaintiff) instituted this patent infringement action against Genoray America, Inc., Genoray Co. Ltd. (collectively, Genoray), and Professional Sales and Consultant Group, Inc. (PSCG) (collectively, Defendants).  Doc. 1.  On August 11, 2016, Plaintiff filed the operative complaint (Complaint).  Doc. 44.

The parties began conducting discovery immediately after the Complaint was filed.  On August 12, 2016, Genoray served Plaintiff with its First Set of Interrogatories and First Request

for Production (Genoray's Written Discovery). Docs. 68-4 at 2; 68-5 at 2. On August 16, 2016, Plaintiff served Defendants with its First Set of Interrogatories and First Request for Production (Plaintiff's First Set of Written Discovery). Docs. 68-1; 68-2. On August 26, 2016, Plaintiff served Defendants with its Second Request for Production (Plaintiff's Second Set of Written Discovery). Doc. 68-3.

On August 29, 2016, Genoray filed a motion requesting that the Court dismiss the Complaint for lack of personal jurisdiction and improper venue (the Motion to Dismiss). Doc. 55. On that same day, Defendants filed a motion requesting that the claims against Genoray be transferred to the United States District Court for the Central District of California, and the claims against PSCG be stayed pending the resolution of the claims against Genoray (the Motion to Transfer). Doc. 56.[1] The Motion to Dismiss and Motion to Transfer remaining pending.

On August 29, 2016, the Court entered a Case Management and Scheduling Order (the CMSO), setting the following relevant deadlines:

| Task | Deadline |
| --- | --- |
| Disclosure of Infringement Contentions | Immediately |
| Disclosure of Non-Infringement and Invalidity Contentions | September 29, 2016 |
| Discovery | October 6, 2017 |

Doc. 51 at 2-4, at 7. The CMSO provides that "[d]iscovery shall begin immediately on all discoverable issues and shall not be limited to claim interpretation." *Id*. at 7.

On September 12, 2016, Plaintiff served its responses and objections to Genoray's Written Discovery. Docs. 68-4; 68-5. Plaintiff objected, in relevant part, to discovery requests pertaining to the validity of the patents-in-suit. Docs. 68-4 at 7, 9, 11; 68-5 at 10-11, 13. Plaintiff

---

[1] The request to transfer is intended to be an alternative request for relief in the event the Court denies the Motion to Dismiss. *See* Doc. 56 at 5 n.1.

maintained that information concerning the validity of the patents was irrelevant, because validity is presumed and Genoray has yet to assert an affirmative defense claiming any of the patents are invalid. *Id*.

## II. THE MOTION.

On September 19, 2016, Genoray, rather than serving its responses to Plaintiff's First Set of Written Discovery, filed a Motion for Temporary Stay of Discovery Pending Resolution of Their Dispositive Motion to Dismiss (the Motion to Stay). Doc. No. 68.[2] Genoray requests that the Court temporarily stay all discovery not expressly required by the CMSO pending the resolution of the Motion to Dismiss. *Id*. at 1 n.1. On October 3, 2016, Plaintiff filed a response in opposition to the Motion to Stay. Doc. 74.

## III. ANALYSIS.

Genoray maintains that a stay of discovery is appropriate and will not prejudice Plaintiff. First, Genoray argues that a stay would not impact the Court's ruling on the Motion to Dismiss because Plaintiff has not sought any jurisdictional discovery. Doc. 68 at 6, 8. Second, Genoray argues there is a "clear likelihood" that the Motion to Dismiss will dispose of all claims against Genoray. *Id*. at 6-8. Third, Genoray argues that Plaintiff would not be prejudiced by a stay because the case is in its early stages. *Id*. at 6, 8. Fourth, Genoray argues that Plaintiff will not be prejudiced by a stay because Plaintiff has unilaterally stayed discovery by objecting to discovery requests seeking information pertaining to the validity of the patents-in-suit. *Id*. at 6,

---

[2] Genoray has yet to serve its responses to Plaintiff's First Set of Written Discovery. *See* Doc. 68 at 1 n.1. Genoray, however, has served its responses to Plaintiff's Second Set of Written Discovery. Docs. 74-1; 74-2.

8-9. In light of the foregoing, Genoray requests a temporary stay of all discovery not expressly required by the CMSO pending the resolution of the Motion to Dismiss. *Id.* at 1 n.1.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)); *see* Middle District Discovery (2015) at (I)(E)(4). The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2015) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53 (quotations omitted).

The Court, having considered Genoray's and Plaintiff's arguments, finds that Genoray has not shown good cause for a stay of discovery. The Court, without expressing any opinion as to final resolution of the Motion to Dismiss, is not convinced that the Motion to Dismiss is clearly meritorious. Further, the Motion to Dismiss, if granted, would not necessarily be case dispositive

as to the claims against Genoray. The Motion to Dismiss centers on whether Plaintiff adequately alleged whether the Court has jurisdiction over Genoray. Doc. 55. The Court may conclude Plaintiff's jurisdictional allegations are insufficient, but, depending on the deficiencies, may also grant Plaintiff leave to file an amended complaint to address any jurisdictional deficiencies. *See Feldman*, 176 F.R.D. at 653.

The Court also finds that a stay of discovery will prejudice the progress of this case. The parties began serving written discovery in August 2016. *See* Docs. 68-1; 68-2; 68-3; 68-4 at 2; 68-5 at 2. Thereafter, the Court entered a CMSO indicating that the parties should immediately begin discovery on all discoverable issues. Doc. 51 at 7. Three weeks later, Genoray, rather than serving its responses to Plaintiff's First Set of Written Discovery, moved to stay discovery. Doc. 68. There is no good reason why Genoray did not move to stay discovery prior to the parties exchanging discovery or prior to the Court entering the CMSO. A stay of discovery, even a temporary stay, at this point in the proceedings would certainly frustrate the progress of this case, and each party's ability to meet the deadlines set forth in the CMSO. *Cf. Moore v. Shands Jacksonville Med. Ctr., Inc.*, Case No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *2 (M.D. Fla. Dec. 11, 2009) (finding a stay of discovery would not prejudice plaintiff, in part, because the court had not yet entered a case management and scheduling order).

Finally, the Court finds that Plaintiff's objections to Genoray's discovery requests concerning invalidity are not a basis to stay discovery. If Genoray believes Plaintiff's objections are improper, then it should move to compel Plaintiff's responses, not stay discovery.[3] In summary, the Court finds that Genoray has failed to demonstrate good cause to stay discovery

---

[3] The Court declines to address the merits of Plaintiff's objections to Genoray's discovery requests in this Order.

pending the resolution of the Motion to Dismiss.   Accordingly, it is **ORDERED** that the Motion to Stay (Doc. 68) is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on November 14, 2016.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties